UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD TERMAYNE DAVIS,

                      Plaintiff,

      -vs-                    **No. 6:16-CV-06815 (MAT)**
                                      **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                      Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Richard Termayne Davis ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed concurrent applications for DIB and SSI on August 2, 2011, alleging disability as of March 6, 2011 due to left shoulder problems, major depression, anxiety, hypertension, bipolar disorder, a learning disability, short term memory loss, and a twisted knee. Administrative Transcript ("T.") 153-166, 184. Plaintiff's application was initially denied. T. 84-99. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Yvette N. Diamond on October 3, 2012. T. 12-56. On December 17, 2012, ALJ Diamond issued an unfavorable decision. T. 166-82. On February 27, 2014, the Appeals Council denied Plaintiff's request for review. T. 5-10. Plaintiff instituted a civil action in this Court, and on November 26, 2014, on stipulation by the parties, this Court remanded the claim for further administrative proceedings. *See Davis v. Colvin*, Case No. 14-cv-6184 FPG, Docket No. 12.

On remand, the Appeals Council vacated the ALJ's decision and remanded the matter for further consideration and development. On June 17, 2016, Plaintiff appeared at a second hearing before ALJ Connor O'Brien. T. 645-705. On October 21, 2016, ALJ O'Brien issued an unfavorable decision. T. 619-44. This action followed.

**III. The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2014. T. 612. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff suffered from the severe impairments of major depressive disorder, anxiety disorder, panic disorder, and chronic pain syndrome for the lower back and knee. *Id*. The ALJ further found that Plaintiff suffered from the non-severe impairment of alcohol dependence in remission. T. 613.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. *Id.* The ALJ particularly considered Listings 12.04, 12.06, and 12.09 in reaching this determination. T. 613-15.

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform less than a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following non-exertional limitations: can occasionally stoop, crouch, climb, kneel, crawl, and balance on narrow, slippery, or moving surfaces; can perform simple rote tasks, adjust

to occasional changes in the work-setting, and occasionally make work-related decisions; can work to meet daily goals, but cannot maintain an hourly, machine-driven, assembly line production rate, and cannot have rush hours; cannot interact with the public or perform teamwork, but can occasionally interact with coworkers. T. 615.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. T. 624. At step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including laundry sorter, photocopying machine operator, and collator. T. 625-26. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 626.

**IV. Discussion**

**A. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v.*

4

*Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence. In particular, Plaintiff argues that the ALJ improperly relied on stale medical opinions in considering the limitations associated with his mental impairments. Plaintiff also argues that the ALJ committed legal error by failing to comply with the Appeals Council's remand order. For the reasons set forth below, the Court finds that remand of this matter for further administrative proceedings is necessary.

**B. Consideration of Plaintiff's Mental Impairments**

Plaintiff argues that remand of this matter for further administrative proceedings is required because the ALJ failed to obtain an updated medical opinion regarding his mental impairments, but instead relied on stale opinions from state agency consultants rendered more than five years prior to the ALJ's decision. The Court agrees.

"[M]edical source opinions that are . . . stale[ ] and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (quotation marks and citation omitted); *see also Girolamo v. Colvin*, 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it was 1.5 years stale as of the plaintiff's hearing date and did not account for her deteriorating condition).

In this case, in assessing the limitations associated with Plaintiff's mental impairments, the ALJ gave some weight to opinion of consultative examiner Dr. Christine Ransom, who examined Plaintiff on October 28, 2011, and great weight to the opinion of state agency reviewer Dr. T. Harding, who reviewed Plaintiff's medical records and performed a psychiatric review technique and mental residual functional capacity assessment in November 2011. *See* T. 622-26. However, these opinions were indisputably stale by the time the ALJ issued her decision. Not only had they been issued approximately five years earlier, significant developments in Plaintiff's medical history had occurred since that time.

For example, from January 31, 2012 to February 6, 2012, Plaintiff received inpatient treatment at Rochester General

Hospital for his mental health problems. T. 338-91. Plaintiff was brought to the emergency room on a voluntary mental health arrest, having reported suicidal ideation with plan to overdose, as well as auditory and visual hallucinations, to his therapist. T. 368. Plaintiff's GAF score on admission was 11-20. T. 371. Plaintiff's mental health providers sent him to the emergency room via ambulance for a second time in June 2013, when he was again assessed with a GAF score of 11-20. T. 906, 938. Moreover, Plaintiff's mental health examinations from 2012 forward were consistently abnormal. Under these circumstances, the Court concludes that Dr. Ransom's and Dr. Harding's opinions could not constitute substantial evidence for the ALJ's RFC finding.

The Commissioner contends that the ALJ did not rely solely on Dr. Ransom's and Dr. Harding's opinions in formulating her RFC assessment, but also considered the "evidence as a whole." Docket No. 15-1 at 20. However, "[a]n ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion." *Goldthrite v. Astrue*, 535 F.Supp.2d. 329, 339 (W.D.N.Y. 2008). "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (internal citation omitted). In this case, where the medical assessments relied upon by the ALJ were stale and based on an

7

incomplete medical record, the ALJ could not remedy that deficiency by making the connection between the medical records and Plaintiff's functional limitations herself. *See id.* ("Where the medical findings in the record merely diagnose [the] claimant's . . . impairments and do not relate those diagnoses to specific residual functional capabilities," it is not permissible for the Commissioner to "make the connection h[er]self.") (internal citation omitted).

The Court also agrees with Plaintiff that the opinions of Plaintiff's mental health practitioners further support the conclusion that further development of the record in this case was required. While it is true (and Plaintiff acknowledges) that Plaintiff's practitioners were not acceptable medical sources and that their opinions were therefore not entitled to controlling weight, their observations still should have reasonably put the ALJ on notice that additional assessment of Plaintiff's mental health impairments was necessary.

"It is well settled that the ALJ has an affirmative duty to develop the record in a disability benefits case, and that remand is appropriate where this duty is not discharged. . . . Encompassed in this duty is the requirement that an ALJ assemble the claimant's complete medical history and re-contact treating physicians or obtain consultative examinations where the information received is inadequate to determine whether the claimant is disabled." *Weed Covey v. Colvin*, 96 F. Supp. 3d 14, 29 (W.D.N.Y. 2015) (internal quotations omitted). In this case, the

ALJ was faced with a claimant with serious (and seemingly worsening) mental health impairments and stale, incomplete medical opinions. Under these circumstances, it was necessary for the ALJ to obtain an updated opinion from an acceptable medical source regarding Plaintiff's limitations. The failure to do so resulted in an RFC finding not supported by substantial evidence. Accordingly, remand for further administrative proceedings is required.

### C. Plaintiff's Other Argument

Plaintiff has also argued that the ALJ failed to comply with the Appeals Council's order to consider evidence that he had resided in a supportive living environment for over 18 months as of January 2013. Having already determined that remand of this matter is required, the Court need not and does not resolve this issue. On remand, the AlJ should properly consider all the evidence of record, including any evidence regarding Plaintiff's living situation.

### V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. In light of the fact that Plaintiff's applications were initially filed in 2011 (nearly seven years ago), on remand, the administrative proceedings shall be conducted on an expedited basis, to be completed no later than November 31, 2018. The Commissioner's motion for judgment on

9

the pleadings (Docket No. 15) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            **S/Michael A. Telesca**

                                            HON. MICHAEL A. TELESCA
                                            United States District Judge

Dated:    March 9, 2018
           Rochester, New York.